United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br><br>PG&E CORPORATION, et al.,<br><br>Debtors. | Case No. 25-cv-06026-HSG<br><br>**ORDER DENYING MOTION TO TRANSFER ADVERSARY PROCEEDING**<br><br>Re: Dkt. No. 1 |
| WILLIAM B. ABRAMS,<br><br>Plaintiff,<br><br>v.<br><br>PG&E CORPORATION, et al.,<br><br>Defendants. | |

Pending before the Court is a motion filed by pro se Plaintiff William B. Abrams to transfer his adversary proceeding from Bankruptcy Judge Dennis Montali to another judge within the United States Bankruptcy Court for the Northern District of California. *See* Dkt. No. 1. For the reasons detailed below, the Court **DENIES** the motion.

## I.    BACKGROUND

Plaintiff initially filed the adversary proceeding in June 2025 against PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E"), the Fire Victim Trust, and the Trust's oversight committee and current and former trustees. *See* Dkt. No. 1-5. Plaintiff alleges that the Fire Victim Trust, which was created as part of the confirmed bankruptcy Plan, suffers from an ongoing pattern of conflicts of interest, misrepresentation, and outright fraud. *See*

*generally* Dkt. No. 1-4, Ex. A.  Plaintiff contends that as a result, he and other fire victims have been undercompensated for their losses.  *Id.*  Although styled as a motion to transfer the adversary proceeding to another judge, Plaintiff's pending motion relies on 28 U.S.C. § 157(d), the statute governing a district court's authority to withdraw the reference of a proceeding to bankruptcy court.

## II.    LEGAL STANDARD

District courts have "original but not exclusive jurisdiction" over all bankruptcy proceedings.  *See* 28 U.S.C. § 1334(b).  Such proceedings fall into one of two categories:  "core proceedings, in which the bankruptcy court may enter appropriate orders and judgments," and "non-core proceedings, which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review."  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157).  "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'"  *Id.*

In the Northern District of California, all bankruptcy cases are automatically referred to the bankruptcy court.  *See* B.L.R. 5011-1(a) (referring all bankruptcy cases in the Northern District of California to its bankruptcy court); *see also* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").  On a timely motion, however, any party may seek to withdraw that reference under 28 U.S.C. § 157(d).  Under Section 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute creates two bases for withdrawal:  mandatory and permissive.  Under either, "[t]he party seeking withdrawal of the reference bears the burden of showing that the reference should be

*United States District Court*
*Northern District of California*

2

withdrawn." *In re Heller Ehrman LLP*, 464 B.R. 348, 351–32 (N.D. Cal. 2011) (citing *In re Larry's Apartment, LLC*, 210 B.R. 469, 472 (Bankr. D. Ariz. 1997)).

Withdrawal is mandatory where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would eviscerate much of the work of the bankruptcy courts." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (quotation omitted). Courts in the Ninth Circuit have concluded that withdrawal is mandatory under Section 157(d) "when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011). Under this approach, the moving party "must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding." *Id.*

Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d 1008.

## III.    DISCUSSION

Despite citing § 157(d), Plaintiff makes no effort to explain why either mandatory or permissive withdrawal is appropriate here. And the Court finds that Plaintiff has not met his burden of establishing that withdrawing the reference is appropriate. The adversary proceeding will not require the interpretation—rather than application—of non-bankruptcy laws, and permissive withdrawal would be an inefficient use of judicial resources, and would harm the uniformity of bankruptcy administration.

In his reply brief, Plaintiff appears to criticize Defendants and Judge Montali for construing his motion as one for withdrawal of reference at all. *See* Dkt. No. 5 at 7–8. Instead,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff urges that it is necessary to reassign the adversary proceeding to another judge to

2    "preserve the appearance of impartiality." *See* Dkt. No. 1-1 at 3.  Specifically, Plaintiff suggests

3    that because he raises concerns about how the Plan was confirmed and conduct that has occurred

4    in the years since then, it would be problematic for Judge Montali—who confirmed the Plan—to

5    oversee his case. *See id.* at 5–6.  Plaintiff also appears to reiterate allegations that he raised in a

6    motion to recuse Judge Montali back in 2022.[1]  Plaintiff states that he "accepts" Judge Montali's

7    denial of the prior recusal motion and "does not seek reconsideration or further recusal at this

8    time." Dkt. No. 1-1 at 3.  However, Plaintiff suggests that Judge Montali is somehow biased

9    based on professional relationships with attorneys and parties in the bankruptcy case and that he

10   has "prejudged" the adversary proceeding. *See, e.g.*, Dkt. No. 5 at 7–11; Dkt. No. 8 at 2.  Having

11   reviewed the materials in detail, the Court is simply not persuaded.  At bottom, Plaintiff appears to

12   disagree with Judge Montali's prior rulings and would prefer that another judge hear his case.

13   This is not a proper basis for withdrawal of reference or even transfer to another judge (assuming

14   the Court had such authority).

15   **IV.    CONCLUSION**

16        Plaintiff **DENIES** the pending motion to transfer the adversary proceeding, Dkt. No. 1, and

17   **TERMINATES AS MOOT** the emergency motion to stay the adversary proceeding, Dkt. No. 6.

18   The Clerk is directed to close the case.

19        **IT IS SO ORDERED.**

20   Dated:    8/26/2025

21

22   HAYWOOD S. GILLIAM, JR.
     United States District Judge

23

24

25

26

27

28   _____
     [1] Plaintiff previously sought to recuse Judge Montali in November 2022 under 28 U.S.C. § 455(a), which Judge Montali denied.  *See* Dkt. No. 4-1, Exs. D–E.